UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:17-CR-134-TAV-HBG-1 |
| | ) | |
| MICHELLE SILCOX, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant moves for a sentence reduction or immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 32].    However, defendant has not demonstrated that she requested compassionate release from the warden of her facility on the same grounds she presents before this Court, so she has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement.  Because the exhaustion requirement is a mandatory prerequisite to considering the merits of her request, defendant's motion is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons.  Now a court

may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant requests relief under § 3582(c)(1)(A)(i). But the Court need not address whether extraordinary and compelling reasons exist warranting defendant's release because she has not satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Defendant makes no mention of an attempt to request a compassionate release motion from the warden of his facility, and the email defendant attaches to her motion does not suffice to establish satisfaction of the exhaustion requirement. The procedures for requesting compassionate release are set forth in 28 C.F.R. § 571.60–64 and require

that defendants seeking compassionate release submit a request to the warden. *See* 28 C.F.R. § 571.61. Here, defendant requested compassionate release "due to the severity of [her] sentence especially during this pandemic" in an April 14, 2020 email directed simply to "Warden" [Doc. 32 p. 6]. Defendant does not provide any evidence that the warden received her request, and defendant's email does not comply with the requirements for submitting a compassionate release request under 28 C.F.R. § 571.61 because it does not describe defendant's proposed release plans. *See* § 571.61(a)(2). If the Court found that defendant's email did not represent a valid request for compassionate release, it would also conclude that defendant had yet to take the first step toward either "fully exhaust[]ing all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or having waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility." § 3582(c)(1)(A). In that case, the Court would find defendant had not satisfied § 3582(c)(1)(A)'s exhaustion requirement.

Yet, even if the Court viewed defendant's email as a valid request for compassionate release procedurally, defendant presents different grounds for release in the instant motion than she advanced in her email to the warden, which some courts have correctly found to be a substantive barrier to exhaustion. *See, e.g.*, *United States v. Girod*, No. 5:15-087, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020) (denying defendant's § 3582(c)(1)(A) motion where the grounds for relief sought in the motion (i.e., the possibility that defendant might contract COVID-19 if not released) were not

3

included as grounds for relief sought in prior administrative proceedings); *see also United States v. Salvagno*, No. 5:02-cr-51, 2020 WL 3410601 (N.D.N.Y. Apr. 23, 2020) (stating that compassionate release request based on personal health concerns "require[d] a second round of exhaustion" where defendant first presented that ground for relief in a motion before the court).  Indeed, the exhaustion requirement "ensures that the prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist."  *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).  It would disrupt the "orderly system for reviewing compassionate-release applications" and "incentivize[] line jumping," *id.* at 834, to permit defendants to present grounds for compassionate release to the Court that the BOP had not already received the opportunity to consider.

In this case, defendant's request for release to the warden relied on the "severity of [her] sentence especially during this pandemic," but she argues here that she suffers from a serious chronic health issue, namely asthma, that exposes her to a high risk of severe infection [Doc. 32 p. 2].  While both the email and the motion mention the COVID-19 pandemic, they present different grounds for release, the severity of her sentence versus the danger to her health.  Because defendant has not submitted a proper request for compassionate release to the warden—or at least has failed to submit a request to the warden based on the grounds now presented to the Court—the warden has yet to consider defendant's request and evaluate the circumstances supporting her release offered here.

4

As such, the Court's consideration of defendant's motion would disrupt the orderly system Congress established for evaluating compassionate release requests.

For these reasons, the Court finds that defendant has not satisfied the exhaustion requirement, which is a prerequisite the Court lacks the authority to waive. *See id.* at *2– 3. Accordingly, defendant's motion [Doc. 32] is **DENIED** with leave to refile upon her satisfaction of § 3582(c)(1)(A)'s exhaustion requirement.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5